# STATE OF NORTH CAROLINA

**DURHAM** County

File No. 00 VS 402

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
Robert E. Starr

**Address**
c/o Law Offices of James Scott Farrin 280 S. Mangum St., Ste. 400

**City, State, Zip**
Durham  NC  27701

## CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**

**Date Original Summons Issued**
September 28, 2020

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Worth Trucking LLC<br>Registered Agent: Mary Allgood<br>POST OFFICE BOX 13792<br>Chesapeake  VA  23325 | Jerome T. Brisco<br>106 Tyner Dr.<br>Newport News  VA  23608 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| J. Bryan Boyd<br>Law Offices of James Scott Farrin<br>280 South Mangum Street, Suite 400<br>Durham  NC  27701 | 2020 | 3:15  ☐ AM ☐ PM |

**Signature** Cynthia M. Harris

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF DURHAM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
**20 CVS**

20 C V S 1 4 0 2

ROBERT E. STARR,

Plaintiff,

v.

WORTH TRUCKING LLC &
JEROME T. BRISCO,

Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**

**NOW COMES** the Plaintiff, Robert E. Starr, by and through counsel, and alleges, upon information and belief, as follows:

1.    Plaintiff Robert E. Starr (hereinafter referred to as "Plaintiff") is a citizen and resident of Durham, Durham County, North Carolina.

2.    Upon information and belief, Defendant Jerome T. Brisco (hereinafter referred to as "Defendant Brisco") is a citizen and resident of Newport News, Virginia.

3.    Upon information and belief, Worth Trucking LLC (hereinafter "Defendant Worth Trucking") is a limited liability corporation duly organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located in Chesapeake, Virginia.

4.    Further, upon information and belief, Defendant Worth Trucking at all relevant times was doing business in the State of North Carolina and utilizing its roads in furtherance of its operations.

5.      Defendant Worth Trucking's registered agent on file with the Commonwealth of
Virginia's State Corporation Commission is Mary Allgood, with a registered office address of
P.O. Box 13792, Chesapeake, VA, 23325.

6.      The incident at issue in this lawsuit occurred in Durham County, North Carolina.

7.      Jurisdiction is proper in this honorable Court pursuant to N.C. Gen. Stat. § 7A-
243.

8.      Venue is proper in this honorable Court pursuant to N.C. Gen. Stat. § 1-82.

## FACTUAL ALLEGATIONS

9.      On February 5, 2019, at approximately 8:36 a.m., Defendant Brisco was operating
a 2006 Freightliner tractor-trailer traveling eastbound on U.S. 70 in or around Durham, North
Carolina.

10.     On or about the above mentioned time and place, Defendant Worth Trucking
owned the 2006 Freightliner tractor-trailer operated by Defendant Brisco.

11.     On or about the above mentioned time and place, Defendant Brisco was operating
the subject tractor-trailer with the express and/or implied permission of Defendant Worth
Trucking.

12.     On or about the above mentioned time and place, Defendant Brisco was operating
the subject tractor-trailer in furtherance of the interests of Defendant Worth Trucking.

13.     On or about the above mentioned time and place, Defendant Brisco was employed
by Defendant Worth Trucking.

2

14. On or about the above mentioned time and place, Defendant Brisco was operating the subject tractor- trailer within the course and cope of his employment with Defendant Worth Trucking.

15. On or about the above mentioned time and place, Plaintiff was operating a 2002 BMW motor vehicle traveling eastbound on U.S. 70 in Durham, North Carolina.

16. On or about the above mentioned time and place, Riyadah M. Yashonti Kennedy (hereinafter referred to as "Kennedy"), who is not a party to this suit, was operating a 2008 Nissan motor vehicle traveling eastbound on U.S. 70 in front of Plaintiff in Durham, North Carolina.

17. On or about the above mentioned time and place, Kennedy came to a complete stop due to the traffic ahead of her coming to a complete stop.

18. On or about the above mentioned time and place, Plaintiff proceeded to come to a complete stop as well due to the traffic in front of him.

19. On or about the above mentioned time and place, the subject tractor-trailer operated by Defendant Brisco and owned by Defendant Worth Trucking, failed to stop and crashed into the rear of the vehicle operated by Plaintiff. As a result of the collision with the tractor-trailer, Plaintiff's vehicle collided with Kennedy's vehicle. These incidents are hereinafter sometimes referred to as "the collision."

20. Plaintiff was injured in and as a proximate result of the collision described above.

21. The collision is the proximate result of the negligent and wanton conduct of Defendant Brisco as complained of herein.

3

22.     As a proximate result of the collision, Plaintiff suffered severe and permanent injury, including but not limited to:

      a.    Past, present, and future physical injuries;

      b.    Past, present, and future medical expenses;

      c.    Scarring;

      d.    Permanent injuries;

      e.    Past, present, and future lost wages;

      f.    Past, present and future pain and suffering; and

      g.    Such other damages as may be shown at trial.

## FIRST CAUSE OF ACTION
## NEGLIGENCE OF DEFENDANT BRISCO

23.     Plaintiff incorporates all preceding paragraphs herein by reference.

24.     On or about the above mentioned time and place, Defendant Brisco owed a duty to those lawfully on the roadway, including but not limited to Plaintiff, to drive in a reasonable and safe manner.

25.     On or about the above mentioned time and place, Defendant Brisco operated the subject tractor-trailer in a negligent, grossly negligent, careless and reckless, and willful and wanton manner, endangering the lives of those lawfully on the roadway, including but not limited to the Plaintiff.

26.     Defendant Brisco was negligent and wanton in the operation of Defendant Worth Trucking's tractor-trailer on a public roadway and breached his duty to Plaintiff in the following respects:

      a.    Defendant Brisco failed to keep the tractor-trailer under reasonable, proper, and safe control at all times;

4

b.   Defendant Brisco negligently and wantonly failed to keep a proper lookout;

c.   Defendant Brisco operated the tractor-trailer upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, which displayed a thoughtless disregard of the consequences of said driving in violation of N.C. Gen. Stat. § 20-140;

d.   Defendant Brisco operated the tractor-trailer without due caution and circumstances and in a manner as to endanger others, in violation of N.C. Gen. Stat. § 20-140;

e.   Defendant Brisco negligently and wantonly failed to operate the tractor-trailer in accordance with North Carolina laws, ordinances, and regulations;

f.   Defendant Brisco negligently and wantonly operated the tractor-trailer while his ability or alertness was impaired through fatigue, illness, or any other cause as to make it unsafe for him to operate the truck;

g.   Defendant Brisco failed to reduce speed as necessary to avoid colliding with a vehicle on the highway and to avoid injury to person and/or property in violation of N.C. Gen. Stat. §§ 20-141(a) and 20-141(m); and

h.   Defendant Brisco was negligent, reckless, and wanton in such other respects as will be determined through discovery and proven at trial.

27.   The above described acts and omissions of Defendant Brisco are imputed by law to Defendant Worth Trucking.

28.   As a proximate result of the collision and the negligent and wanton misconduct of Defendant Brisco, Plaintiff suffered severe and permanent injury, including but not limited to:

a.   Past, present, and future physical injuries;

b.   Past, present, and future medical expenses;

c.   Scarring;

d.   Permanent injuries;

5

e. Past, present, and future lost wages;

f. Past, present and future pain and suffering; and

g. Such other damages as may be shown at trial.

29. Plaintiff is entitled to recover from Defendant Brisco, jointly and severally with the other Defendant, an amount to be determined by a jury, but in any event in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CAUSE OF ACTION
## VICARIOUS LIABILITY OF DEFENDANT WORTH TRUCKING

30. Plaintiff incorporates all preceding paragraphs herein by reference.

31. At the time and place and at all times herein in question, Defendant Brisco was the agent, servant, and/or employee of Defendant Worth Trucking.

32. At the time and place and at all times herein in question, Defendant Brisco was operating Defendant Worth Trucking's vehicle at issue within the course and scope of his agency, service, and/or employment with Defendant Worth Trucking and in furtherance thereof.

33. Defendant Worth Trucking is vicariously liable for Defendant Brisco's actions and omission set forth herein under the doctrine of *respondeat superior*.

34. Additionally, pursuant to N.C. Gen. Stat. § 20-71.1, Defendant Brisco's negligence, gross negligence, and recklessness is imputed to Defendant Worth Trucking, and an agency relationship is presumed to exist between Defendant Brisco and Defendant Worth Trucking.

35. As a direct and proximate result of the negligence, gross negligence, and recklessness of Defendant Brisco, which negligence is imputed to Defendant Worth Trucking, Plaintiff has sustained damages and will continue to sustain damages as alleged herein, and is

entitled to recover from Defendant Worth Trucking, jointly and severally with the other Defendant, an amount to be determined by a jury, but in any event in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

## THIRD CAUSE OF ACTION
## INDEPENDENT LIABILITY OF WORTH TRUCKING

36.     Plaintiff incorporates all preceding paragraphs herein by reference.

37.     Defendant Worth Trucking owed a duty to those lawfully on the roadway, including but not limited to Plaintiff, to reasonably hire, train, supervise, and terminate its employees, agents, and representatives, including but not limited to Defendant Brisco.

38.     Defendant Worth Trucking owed a duty to those lawfully on the roadway, including but not limited to Plaintiff, to implement policies, procedures, guidelines, and standards necessary to reasonably protect such persons from harm caused by their operations.

39.     Defendant Worth Trucking was further negligent and wanton in that Defendant Worth Trucking:

        a.     Negligently and wantonly hired Defendant Brisco;

        b.     Negligently and wantonly failed to implement necessary guidelines, procedures, and standards in the hiring of truck drivers to ensure that individuals who would pose an unreasonable risk to those lawfully on the roads would not be hired as operators of motor vehicles for Defendant Worth Trucking;

        c.     Negligently and wantonly failed to reasonably train Defendant Brisco;

        d.     Negligently and wantonly failed to reasonably supervise Defendant Brisco;

7

e.     Negligently and wantonly failed to implement necessary guidelines, procedures, and standards in the hiring, training, and supervision of truck drivers to ensure that motor vehicle operators for Defendant Worth Trucking, including but not limited to Defendant Brisco, would drive in a lawful and reasonably safe manner;

f.     Negligently and wantonly retained Defendant Brisco; and

g.     Was negligent and wanton in such other manner as will be determined through discovery and proven at trial.

40.     As a proximate result of the collision and the negligence and wanton misconduct of Defendant Worth Trucking, Plaintiff suffered severe and permanent injuries, including but not limited to:

a.     Past, present, and future physical injuries;

b.     Past, present, and future medical expenses;

c.     Scarring;

d.     Permanent injuries;

e.     Past, present, and future lost wages;

f.     Past, present and future pain and suffering; and

g.     Such other damages as may be shown at trial.

41.     Plaintiff is entitled to recover from Defendant Worth Trucking, jointly and severally with the other Defendant, an amount to be determined by a jury, but in any event in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00).

8

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court for relief as follows:

1.      Judgment against the Defendants, jointly and severally, for actual damages in an amount to be determined by a jury, but in any event in amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

2.      Trial by jury of all issues of fact so triable herein;

3.      Pre-judgment and post-judgment interest as provided by law;

4.      The costs of this action;

5.      Plaintiff's attorney's fees; and

6.      Such other and further relief as the Court may deem just and proper.

This the 28th day of September, 2020.

**LAW OFFICES OF JAMES SCOTT FARRIN**
Attorneys for Plaintiff

By: _J. Bryan Boyd_
J. Bryan Boyd (State Bar No. 27726)
280 S. Mangum Street, Suite 400
Durham, North Carolina 27701
Telephone: (919) 688-4991
Facsimile: (919) 328-4231

9

STATE OF NORTH CAROLINA

DURHAM COUNTY

ROBERT E. STARR,

Plaintiff

v.

WORTH TRUCKING, LLC and
JEROME T. BRISCO,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1402

)
)
)
)
)
)
)
)
)
)
)

**DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO SERVE A
RESPONSIVE PLEADING**

Defendants Worth Trucking, LLC and Jerome T. Brisco respectfully state to the Court that additional time is needed for investigation and preparation of the Responsive Pleading or other response to the Complaint in the above case and respectfully move the Court for a thirty (30) day extension of time within which to serve the Responsive Pleading or otherwise plead. While time has not yet expired for responding to the Complaint, which was served on Defendant Worth Trucking, LLC on or about October 16, 2020, and Defendant Brisco on or about October 22, 2020, Defendants request that the time for serving a Responsive Pleading or presenting other defenses in this action be extended up to and including December 15, 2020.

This the 5th day of November 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
*Attorneys for Defendants Worth Trucking
LLC and Jerome T. Brisco*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing *Motion for Extension of Time to Serve Responsive Pleading* on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to counsel of record as follows:

J. Bryan Boyd
Law Offices of James Scott Farrin
280 S. Mangum Street
Suite 400
Durham, NC 27701

This the 5th day of November, 2020.


CRANFILL SUMNER & HARTZOG LLP

BY:  _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
*Attorneys for Defendants*
*Worth Trucking LLC and Jerome T.*
*Brisco*

4845-0313-2625, v. 1

STATE OF NORTH CAROLINA

DURHAM COUNTY

FILED

2020 NOV 12 P 1: 12

DURHAM CO., C.S.C.

BY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1402

ROBERT E. STARR,

Plaintiff,

v.

WORTH TRUCKING, LLC and
JEROME T. BRISCO,

Defendants.

)
)
)
)
)
)
)
)
)
)
)

**(PROPOSED) ORDER GRANTING DEFENDANTS'
MOTION FOR EXTENSION OF TIME
TO SERVE A RESPONSIVE
PLEADING**

In the above-entitled action, Defendants Worth Trucking, LLC, and Jerome

T. Brisco made application for additional time within which to serve a Responsive

Pleading to the Complaint;

IT IS NOW ORDERED that Defendants are hereby granted additional time

within which to serve a Responsive Pleading or present other defenses in this action

up to and including December 15, 2020.

This the 12 day of November, 2020.

Pamela G Jewels

DURHAM COUNTY CLERK OF COURT (Asst.)

4845-0313-2625, v. 1

Asheville        Morganton
Charlotte        New Bern
Durham           Raleigh
Fayetteville     Roanoke Rapids
Goldsboro        Rocky Mount
Greensboro       Sanford
Greenville       Wilson
Henderson        Winston-Salem

LAW OFFICES OF

# JAMES SCOTT FARRIN

WWW.FARRIN.COM

280 South Mangum Street, Suite 400
Durham, North Carolina, 27701
Phone: (800) 220-7321
Fax: (800) 716-7881

Tax ID: 56-2046742

November 4, 2020

Durham County Clerk of Superior Court
510 S. Dillard St.
Durham, NC 27701

Re:  **ROBERT E. STARR,**  Plaintiff, v.  **WORTH TRUCKING LLC & JEROME T. BRISCO,**
**Defendants.**
    **Durham County, Superior Court, File # 20 CVS 1402**

Dear Clerk:

Enclosed please find an original and one copy of an Affidavit of Service for filing in the above-referenced
matter.  Please return a file-stamped copy of same to me in the enclosed envelope.

Thank you for your assistance.

Sincerely,
LAW OFFICES OF JAMES SCOTT FARRIN

Sydney A. Tulloch Verdine
Paralegal

Enclosure

**STATE OF NORTH CAROLINA**

**COUNTY OF DURHAM**

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**20 CVS 1402**

| | |
|---|---|
| **ROBERT E. STARR** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **AFFIDAVIT OF SERVICE BY** |
| ) | **CERTIFIED MAIL ON DEFENDANT** |
| **WORTH TRUCKING LLC & JEROME** ) | **WORTH TRUCKING LLC** |
| **T. BRISCO** ) | |
| **Defendants.** ) | |

J. Bryan Boyd duly sworn deposes and says:

Service of Process by Certified Mail has been completed on Defendant Worth Trucking LLC. This affidavit is filed pursuant to the requirement of Rule 4 (j).

1.     An original Summons, Complaint, Request for Admissions, and Plaintiff's Interrogatories and Request for Production of Documents were mailed to Defendant Worth Trucking LLC, by and through its registered agent, Mary Allgood, at 832 Rainbow Run, Chesapeake, VA 23320, via certified mail on October 23, 2020.

2.     The original Summons, Complaint, Request for Admissions, and Plaintiff's Interrogatories and Request for Production of Documents were received by Defendant Worth Trucking LLC, by and through its registered agent, Mary Allgood, on November 2, 2020 as evidenced by the certified mailing receipt attached hereto as Exhibit A.

This the 4th day of November, 2020.

**LAW OFFICES OF JAMES SCOTT FARRIN**
Attorneys for Plaintiff

By:     J. Bryan Boyd (State Bar No. 27726)
280 S. Mangum Street, Suite 400
Durham, North Carolina 27701
Telephone: 919- 688-4991
Facsimile: 919-328-4231

SUBSCRIBED AND SWORN TO BEFORE ME,
THIS THE 5th DAY OF November, 2020.

NOTARY PUBLIC
My Commission Expires: 10/19/2023

*[Notary seal: JENNIFER PAUL HORN, Notary Public, Alamance County, My Comm. Exp. 10/19/2023, NORTH CAROLINA]*

## CERTIFICATE OF SERVICE

I, J. Bryan Boyd do hereby certify that on this date I served a copy of **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL ON DEFENDANT** in the above-captioned action upon all other parties to this cause by:

_____    Hand delivering a copy hereof to the attorney for each said party addressed as follows:

__X__    Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

_____    Emailing a copy hereof to the attorney for each said party as follows:

Worth Trucking LLC
Registered Agent: Mary Allgood
832 Rainbow Run
Chesapeake, VA 23320

Jerome T. Brisco
106 Tyner Dr.
Newport News, VA 23608

This the 4th day of November, 2020.

J. Bryan Boyd

STATE OF NORTH CAROLINA

DURHAM COUNTY

ROBERT E. STARR,

                            Plaintiff,

        v.

WORTH TRUCKING, LLC and
JEROME T. BRISCO,

                            Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1402

)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANT WORTH
TRUCKING, LLC'S MOTION FOR
EXTENSION OF TIME TO SERVE
ANSWERS TO PLAINTIFF'S
FIRST SET OF
INTERROGATORIES, REQUESTS
FOR PRODUCTION OF
DOCUMENTS AND REQUEST
FOR ADMISSIONS**

        Defendant Worth Trucking, LLC respectfully states to the Court that

additional time is needed for investigation and preparation of the answers and

responses to Plaintiff's First Set of Interrogatories, Requests for Production of

Documents, and Request for Admissions in the above case and respectfully moves the

Court for a thirty (30) day extension of time within which to serve the responses to

the discovery requests. While time has not yet expired for responding to Plaintiff's

First Set of Interrogatories, Requests for Production of Documents, and Request for

Admissions, which were served with the Complaint on Defendant Worth Trucking,

LLC on or about October 16, 2020, Defendant requests that the time for serving

responses to the discovery in this action be extended up to and including December

30, 2020.

        This the 5th day of November 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
*Attorneys for Defendants Worth Trucking*
*LLC and Jerome T. Brisco*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing *Motion for Extension of Time to Serve Answers to Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Request for Admissions* on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to counsel of record as follows:

J. Bryan Boyd
Law Offices of James Scott Farrin
280 S. Mangum Street
Suite 400
Durham, NC 27701

This the 5th day of November, 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
*Attorneys for Defendants*
*Worth Trucking LLC and Jerome T.*
*Brisco*

4

FILED

STATE OF NORTH CAROLINA

DURHAM COUNTY        2020 NOV 12 P 1: 13

ROBERT E. STARR,        DURHAM CO., C.S.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1402

Plaintiff,

BY        DW ORDER GRANTING DEFENDANTS'
)        MOTION FOR EXTENSION OF TIME TO
)        SERVE ANSWERS TO PLAINTIFF'S
v.        )        FIRST SET OF INTERROGATORIES,
)        REQUESTS FOR PRODUCTION OF
WORTH TRUCKING, LLC and        )        DOCUMENTS AND REQUEST FOR
JEROME T. BRISCO,        )        ADMISSIONS SERVE A RESPONSIVE
)        PLEADING
Defendants.        )

In the above-entitled action, Defendant Worth Trucking, LLC, made

application for additional time within which to serve answers and responses to

Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and

Request for Admissions which were served with the Complaint on October 16, 2020;

IT IS NOW ORDERED that Defendant is hereby granted additional time

within which to serve answers and responses to Plaintiff's First Set of

Interrogatories, Requests for Production of Documents, and Request for Admissions

in this action up to and including December 30, 2020.

This the 12 day of November, 2020.

Pamela G Bevell

DURHAM COUNTY CLERK OF COURT (Asst)

4833-1496-4945, v. 1

STATE OF NORTH CAROLINA

DURHAM COUNTY

FILED

2020 DEC 29 P 2: 58

DURHAM CO., C.S.C.

BY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1402

ROBERT E. STARR,

                Plaintiff,

      v.

WORTH TRUCKING, LLC and
JEROME T. BRISCO,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)

**DEFENDANTS' ANSWER
TO THE COMPLAINT**

NOW COME Defendants Worth Trucking, LLC and Jerome T. Brisco and respectfully respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Without waiving any defenses, Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. The allegations in paragraph 1 of the Complaint are admitted upon information and belief.

2. The allegations in paragraph 2 of the Complaint are admitted upon information and belief.

3. The allegations in paragraph 3 of the Complaint are admitted.

4. It is admitted that Defendant Worth Trucking utilized the roads in North Carolina in order to transport goods, the remainder of the allegations in paragraph 4 of the Complaint are denied.

5. The allegations in paragraph 5 of the Complaint are admitted.

6. The allegations in paragraph 6 of the Complaint are admitted.

7.     Defendants do not have sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and they are therefore denied.

8.     Defendants do not have sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and they are therefore denied.

## FACTUAL ALLEGATIONS

9.     The allegations contained in paragraph 9 of the Complaint are admitted.

10.    The allegations contained in paragraph 10 of the Complaint are admitted.

11.    The allegations contained in paragraph 11 of the Complaint are admitted.

12.    The allegations contained in paragraph 12 of the Complaint are admitted.

13.    The allegations contained in paragraph 13 of the Complaint are denied.

14.    As to the allegations contained in paragraph 14 of the Complaint, it is denied that Defendant Brisco was operating the tractor-trailer within the course and scope of his employment with Defendant Worth Trucking. It is admitted that Defendant Brisco was operating within the course and scope of dispatch. Except as specifically admitted, the allegations contained in Paragraph 14 of the Complaint are denied.

15.    The allegations contained in paragraph 15 of the Complaint are admitted.

16.    The allegations contained in paragraph 16 of the Complaint are admitted upon information and belief.

17.    Defendants do not have sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and they are therefore denied.

18.    Defendants do not have sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and they are therefore denied.

19.    As to the allegations contained in paragraph 19 of the Complaint, it is admitted the tractor-trailer operated by Defendant Brisco made contact with the rear of the vehicle operated by Plaintiff.  Defendants do not have sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and they are therefore denied.

20.    Defendants do not have sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and they are therefore denied.

21.    The allegations contained in paragraph 21 of the Complaint are denied.

22.    The allegations contained in paragraph 22, and its subparts a.-g. are denied.

### FIRST CAUSE OF ACTION
### NEGLIGENCE OF DEFENDANT BRISCO

23.  Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-22 of the Complaint.

24.  The allegations contained in paragraph 24 of the Complaint assert a legal conclusion to which no response is required, and to the extent any response is required, it is admitted that Defendant Brisco had a duty to follow the laws of North Carolina that relate to operation of a motor vehicle on highways. Except as admitted, the allegations are denied.

25.  The allegations contained in paragraph 25 of the Complaint are denied.

26.  The allegations contained in paragraph 26, and its subparts a.-h., are denied.

27.  The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent any response is required the allegations are denied.

28.  The allegations contained in paragraph 28 of the Complaint, and its subparts a.-g., are denied.

29.  The allegations contained in paragraph 29 of the Complaint are denied.

### SECOND CAUSE OF ACTION
### VICARIOUS LIABILITY OF DEFENDANT WORTH TRUCKING

30.  Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-29 of the Complaint.

31.  The allegations contained in paragraph 31 of the Complaint are denied.

32.     As to the allegations contained in paragraph 32, it is denied that Defendant/Driver Brisco was an employee of Defendant Worth Trucking, LLC, and was working within the course and scope of his employment at the time of the accident on February 5, 2019.  It is admitted that Defendant Brisco was operating within the course and scope of dispatch.   Except as specifically admitted, the allegations contained in Paragraph 32 of the Complaint are denied.

33.     The allegations contained in paragraph 33 of the Complaint are legal conclusions to which no response is required.  To the extent any response is required the allegations are denied.

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required.  To the extent any response is required the allegations are denied.

35.     The allegations contained in paragraph 35 of the Complaint are denied.

**THIRD CAUSE OF ACTION**
**INDEPENDENT LIABILITY OF WORTH TRUCKING**

36.     Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-35 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions to which no response is required.  To the extent any response is required the allegations are denied.

38.     The allegations contained in paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent any response is required the allegations are denied.

39.     The allegations contained in paragraph 39 of the Complaint, and its subparts a.-g., are denied.

40.     The allegations contained in paragraph 40 of the Complaint, and its subparts a.-g., are denied.

41.     The allegations contained in paragraph 41 of the Complaint are denied.

## SECOND DEFENSE

Defendants deny any negligence on their part. In the event there is a finding of negligence on the part of Defendants, which is expressly denied, then Plaintiff's claims are barred by the doctrine of contributory negligence. Plaintiff failed to exercise ordinary and due care in the operation of his motor vehicle by failing to operate his motor vehicle in a proper manner during heavy traffic; failing to keep a proper lookout; failing to take proper action given the circumstances presented to him at the time; and was otherwise negligent in such other manners as may be shown in discovery or at trial of this matter. Plaintiff's own negligence was the actual and proximate cause of his alleged injuries. As a result, plaintiff is not entitled to recover in this action.

## THIRD DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than Defendants and, therefore, plaintiff may not recover damages

from Defendants in any sum.

## FOURTH DEFENSE

Upon information and belief, Defendants allege that any damage incurred by Plaintiff was a result of and proximately caused by the intervening/insulating and/or superseding negligence of a party or parties other than Defendants. Such intervening/insulating and/or superseding negligence was the sole and only cause of Plaintiff's damages, and therefore, Plaintiff may not recover in this action from Defendants.

## FIFTH DEFENSE

In the alternative, if by any rule or interpretation of law Defendants were guilty of any negligence, which is expressly denied, then this alleged, but denied, negligence in no way caused any damage or injury to Plaintiff, in that the alleged, but denied, negligence of Defendants was passive and negative in character, whereas the negligence of others was the active, positive and sole producing cause of the injury or damage sustained by Plaintiff, and the doctrine of active-passive negligence is hereby pled in bar of any right by Plaintiff to recover from Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred by the sudden emergency doctrine. Defendant Brisco was faced with a sudden emergency that was created by either Plaintiff or others and his actions were reasonable given the emergency circumstances presented at the time.

WHEREFORE, having fully responded to the Plaintiff's Complaint, Defendants pray unto the Court as follows:

1.      That plaintiff's claims be dismissed with prejudice;

2.      That plaintiff have and recover nothing of Defendants;

3.      That the costs of this action, including attorneys' fees, be taxed against the Plaintiff;

4.      For such other and further relief as the Court deems just and proper.

This the 15th day of December 2020.

                              CRANFILL SUMNER & HARTZOG LLP

                    BY:    _____
                              JAMES C. THORNTON
                              N.C. State Bar No. 16859
                              E-mail: jthornton@cshlaw.com
                              Post Office Box 27808
                              Raleigh, North Carolina 27611-7808
                              Telephone (919) 828-5100
                              *Attorneys for Defendants Worth Trucking*
                              *LLC and Jerome T. Brisco*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing *Answer* on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to counsel of record as follows:

J. Bryan Boyd
Law Offices of James Scott Farrin
280 S. Mangum Street
Suite 400
Durham, NC 27701

This the 15th day of December, 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
*Attorneys for Defendants*
*Worth Trucking LLC and Jerome T.*
*Brisco*